D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**LUIS GUANAN, MOISES MORALES, and**
**MARLON NIETO, on behalf of themselves**
**and others similarly situated,**

<div style="margin-left:2em">**Plaintiffs,**</div>

<div style="margin-left:2em">v.</div>

**68TH ST. CAFE INC., d/b/a SOLE BISTRO**
**ITALIANO and d/b/a LUCE RESTAURANT**
**AND ENOTECA, DRITON MILA,**
**RAMAZAN MILA, and GAZMEND**
**HODZIC,**

<div style="margin-left:2em">**Defendants.**</div>
------------------------------------------------------------x

**INDEX NO.**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND**
**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs allege as follows:

### INTRODUCTION

1.      For years, 68th St. Café Inc., d/b/a Luce Restaurant and Enoteca, employed front-of-house employees, including waiters, busboys and runners, for long weeks

### JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.      Defendant 68th Street Café Inc. is a New York Corporation that owns and operates Sole Italian Bistro located at 2014 Broadway and owned and operated its predecessor in the same location, Luce Restaurant and Enoteca ("Defendant Sole" or the "Restaurant").

5.      Defendant Sole has an annual gross volume of sales in excess of $500,000.

6.      Defendant Sole is owned, and its operations are conducted, by Defendants Driton Mila ("Defendant Driton"), Ranedan Mila ("Defendant Ranedan"), and Gazmend Hodzic ("Defendant Kedzic") (collectively, "Defendant Owners").

7.      The Restaurant's liquor license is in the name of all three Defendant owners.

8.      The Defendant Owners actively manage the restaurant employees and are present at the Restaurant on a daily basis.

9.      They have actual ultimate authority with respect to hiring and firing decisions, discipline, and payroll practices at the Restaurant.

10.     The Restaurant and Defendant Owners are hereafter referred to as the "Defendants."

11.     Plaintiff Luis Guanan ("Plaintiff Guanan") has been employed by Defendants as a busboy since 2009.

12.     Plaintiff Moises Morales ("Plaintiff Morales") has been employed by Defendants as a busboy since 2009.

13.     Plaintiff Marlon Nieto ("Plaintiff Nieto") has been employed by Defendants as a food runner since about 2009.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, including but not limited to servers, runners, bussers, bartenders, and barbacks employed by Defendants on or after the date that is three years before the filing of this Complaint ("FLSA Collective").

15.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them for all hours worked, willfully failing and refusing to pay the legally required overtime wage for all hours worked over forty (40) hours in a workweek, and allowing non-tipped employees to share in their tips.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiffs brings the state law Second, Third, Fourth, Fifth and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

18.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable.  The number and identity of the Class members are determinable from Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

19.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

20.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime, and failing to provide Class members with required wage notices.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of

unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights

and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a)   Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c)   The policies, practices, programs, procedures, protocols and plans of Defendants regarding the work and labor for which Defendants did not pay the Plaintiffs and the Class members at all.

d)   Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage for all hours worked.

e) Whether Defendants paid Plaintiffs and the Class members the appropriate overtime wage for all overtime hours worked.

f) Whether Defendants gave Plaintiffs and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

### Wage and Hour Claims

25.     Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

26.     Plaintiffs were paid an hourly rate that is lower than the New York State minimum wage during their employment by Defendants.

27.     Plaintiffs were paid a "tip credit" hourly wage.

28.     However, Plaintiffs were paid an hourly rate that is lower than the New York State "tip credit" minimum wage under the New York Labor Law.

29.     Defendants were not entitled to utilize the tip credits set forth under the FLSA and New York Labor Law, because (a) they did not give Plaintiffs the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195; and (b) they required Plaintiffs to share tips with tip-ineligible employees.

30.     N.Y. Lab. Law § 195 requires an employer's weekly wage statement to set forth any allowances being applied to the Plaintiffs' pay. However, Plaintiffs' weekly pay stubs failed to set forth accurately the tip credit being applied to Plaintiff's wage.

31.     For several years within the limitations period, Defendants employed a manager named Dorjan. Plaintiffs and Class members during the relevant period were required to share

tips with Dorjan, an individual with significant managerial authority. Dorjan had significant authority with respect to hiring and setting employees' schedules.

32.     Defendant Owners operated their business under the name Luce Restaurant and Enoteca until March 2018. In March 2018, after a ten-day closure for renovations, they reopened the business under the name Sole Bistro Italiano.

33.     Prior to opening as Sole Bistro Italiano, Defendants did not have employees clock in or out for their shifts and did not pay overtime when Plaintiffs and the Class members worked more than 40 hours in a workweek.

34.     Throughout the Class Period, Plaintiffs and Class members were paid various rates that were always below the New York "tip credit" minimum wage.

35.     For example, their paychecks indicated that they were paid an improper "tip credit" minimum wage for 40 hours of work and nothing at all for overtime hours worked prior to 2018. According to their paystubs, Plaintiffs Guanan and Morales received $5.00 per hour from 2013 through 2015, $7.50 per hour from 2016 through 2017, and $8.65 per hour beginning in or around March of 2018.

36.     At all times previous to March of 2018, Plaintiffs and Class members were not paid at all for hours worked over 40 hours in a workweek.

37.     Prior to March of 2018, Plaintiffs generally worked six days a week, which included three double shifts and three dinner-only shifts. A double shift was typically an 11.5-hour shift. Plaintiffs would arrive at work at 10:30 a.m. and work until 11 p.m. with a one-hour break. A dinner-only shift was typically a 7-hour shift. Plaintiffs would arrive at work at 4 p.m. and work until 11 p.m. In addition, on Friday and Saturday nights, the kitchen at the Restaurant

is open until 11:30 p.m. and Plaintiffs were often at work until after midnight. Thus, Plaintiffs regularly worked 53 or more hours each week prior to the 2018 closure for renovations.

38.    Despite having worked approximately 13 hours of overtime per week for years, Plaintiffs were only paid for 40 hours at a rate below the legal "tip credit" minimum wage.

39.    In addition, Defendants did not pay Plaintiffs and Class members the spread of hours compensation for shifts spanning 10 or more hours.

40.    When the Restaurant reopened in March of 2018 as Sole Bistro Italiano, management rearranged Plaintiffs' and Class members' schedule to drastically reduce, if not eliminate, employees' overtime hours.

41.    Defendants committed the foregoing acts willfully and against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

**FIRST CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective**
**Plaintiffs against the Defendants**

42.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

43.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

44.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

9

45.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiffs and the FLSA Collective Plaintiffs have been and are entitled to overtime.

46.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
### Brought by Plaintiffs on Behalf of Themselves and the Class
### Members Against the Defendants

47.     Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48.     Defendants knowingly paid the Plaintiffs and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

49.     Defendants did not pay Plaintiffs and members of the Class minimum wage for all hours worked.

50.     Defendants' failure to pay Plaintiffs and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

51.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
New York Overtime Violations
New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011)
Brought by Plaintiffs on Behalf of Themselves and the Class
Members against the Defendants

52.     Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

54.     Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

55.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
New York Spread of Hours Violations
New York Minimum Wage Act, N.Y. Stat. § 650 et seq.,
N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (2016)
Brought by Plaintiffs on Behalf of Themselves and the Class

**Members against the Defendants**

56.    Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57.    Prior to March 2018, Plaintiffs and Class members regularly worked double shifts that spanned over ten hours in a day.

58.    Defendants did not keep records of Plaintiffs' and Class members' hours and did not pay them the required "spread of hours" compensation required by New York Labor Law.

59.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiffs on Behalf of Themselves and the Class
### members against the Defendants

60.    Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61.    Defendants did not provide Plaintiffs and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

62.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## SIXTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d
### Brought by Plaintiffs on Behalf of Themselves and the Class
### Members Against the Defendants

63.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64.     Defendants illegally required Class members to share gratuities with a managerial employee.

65.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.     An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.     Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D.     Designation of this action as a class action pursuant to F.R.C.P. 23;

E.     Designation of Plaintiffs as Representatives of the Class;

F.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.    An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

H.    Penalties available under applicable laws;

I.    Costs of action incurred herein, including expert fees;

J.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

K.    Pre-judgment and post-judgment interest, as provided by law; and

L.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated:  New York, New York
        February 14, 2019         Respectfully submitted,

                                  JOSEPH & KIRSCHENBAUM LLP

                                  By: /s/ D. Maimon Kirschenbaum
                                      D. Maimon Kirschenbaum
                                      32 Broadway, Suite 601
                                      New York, NY 10004
                                      Tel: (212) 688-5640
                                      Fax: (212) 688-2548

                                  *Attorneys for Named Plaintiffs, proposed
                                  FLSA Collective Plaintiffs, and proposed
                                  Class*


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **68th St Cafe, Inc.** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.


_Luis Guaran_
Full Legal Name (Print)

_Luis E Guaman_
Signature


_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **68th St Cafe, Inc.** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Luoise   Morales_
Full Legal Name (Print)

_[signature]_
Signature


_____
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **68th St Cafe, Inc.** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Marlon nieto

_____
Full Legal Name (Print)

DocuSigned by:

948DD1E9CD014B7...

_____
Signature

12/27/2018

_____
Date