UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LUIS GUNAN, MOISES MORALES, and
GUSTAVO ROMERO VALLE and FRANKLIN
MARLON NIETO, on behalf of themselves,
and others similarly situated,

                     Plaintiff,

-against-

68th ST. CAFÉ INC., d/b/a SOLE BISTRO ITALIANO
and d/b/a LUCE RESTAURANT and ENOTECA,
DRITON MILA, RAMAZAN MILA, and GAZMEND
HODZIC,

                     Defendants.
------------------------------------------------------------------------x

Case No. 19-CV-01426

EFC Case

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants 68th ST. CAFÉ INC., d/b/a SOLE BISTRO ITALIANO ("Sole") and d/b/a LUCE RESTAURANT and ENOTECA, DRITON MILA, RAMAZAN MILA, and GAZMEND HODZIC (collectively, "Defendants"), as and for their Answer to the Complaint herein:

### AS TO "INTRODUCTION"

1. Paragraph numbered "1" of the Complaint assert legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

### AS TO "JURISDICTION AND VENUE"

2. Paragraphs numbered "2" and "3" of the Complaint assert legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

## AS TO THE "PARTIES"

3. Admit the allegations contained in paragraphs "4", "5", "6", "7", "8", "9", "11", "12" and "13" of the Complaint.

4. Paragraph numbered "10" of the Complaint assets legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

## AS TO THE "ALLEGATIONS"

5. Paragraphs numbered "14", "15", "16", "17", "18", "19", "20" and "24" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

6. Deny information sufficient to form a belief as to the allegations contained in paragraphs numbered "21, "22" and "23" of the Complaint.

## AS TO THE "FACTS"

7. Paragraph numbered "25" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

8. Deny each and every allegation contained in paragraph numbered "31" of the Complaint, except admit that an employee named Dorian was employed as a waiter by Defendants.

9. Deny each and every allegation contained in paragraphs numbered "26", "28', "29", "30", "33", "34", "35", "36", "37", "38", "39", "40" and "41" of the Complaint.

10. Admit the allegations contained in paragraphs numbered "27" and "32" of the Complaint.

## AS TO THE "FLSA" CLAIM

11. Deny each and every allegation contained in paragraph numbered "44" of the Complaint.

12. Paragraphs numbered "43", "45" and "46" 'of the Complaint assert legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

## AS TO THE NYLL CLAIMS

13. Deny each and every allegation contained in paragraphs numbered "48", "49", "57", 58", "61" and "64" of the Complaint.

14. Paragraphs numbered "50", "51", "53", "54", "55", "59", "62" and "65" of the Complaint assert legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

15. Repeat and incorporate the above answers herein in response to the allegations contained in paragraphs numbered "42", "47", "52", "56", "60" and "63" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

16. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

17. At no material time hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of any applicable laws.

### THIRD AFFIRMATIVE DEFENSE

18. Plaintiffs are not entitled to any of the relief requested in the Complaint, because Defendants acted in good faith at all times and paid each Plaintiff far more than the minimum wages required at all times during the employment of any Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

19. Plaintiffs are not entitled to sue as a class or on behalf of other similarly situated employees, because Plaintiffs are not similarly situated.

### FIFTH AFFIRMATIVE DEFENSE

20. The Complaint is barred in whole or in part by the doctrine of laches, delay, waiver, estoppel, acquiescence, and/or excuse.

### SIXTH AFFIRMATIVE DEFENSE

21. The Complaint is barred in whole or in part by Plaintiffs' failure to mitigate damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

22. Plaintiffs ratified the activities of the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon which compensatory, punitive or liquidated damages may be granted.

### NINTH AFFIRMATIVE DEFENSE

24. Any award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

25. Plaintiffs do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which prejudgment interest may be granted.

## TWELTH AFFIRMATIVE DEFENSE

27. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions of Defendants giving rise to this action were done in good faith and with reasonable grounds for believing that the actions were not a violation of the FLSA.

## THIRTEENTH AFFIRMATIVE DEFENSE

28. Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of this action, including, without limitation, any equitable defenses.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor dismissing the Complaint with prejudice; awarding Defendants their costs, attorneys' fees and expenses; and granting such other relief as this Court deems proper.

Dated: New York, NY
April 1, 2019

LEBOW & SOKOLOW LLP

By: _____
Mark D. Lebow (ML 8007)
770 Lexington Avenue
New York, NY 10065
Telephone: (212) 935-6000
*Attorneys for Defendants*

TO: JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Lucas Buzzard
32 Broadway, Suite 601
New York, New York 10004
Telephone: (212) 688-5640
   *Attorneys for Plaintiffs*