UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Luis Guanan et al.,

                            **Plaintiffs,**

        -against-

68th St. Cafe Inc. et al,

                            **Defendants.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2019

1:19-cv-01426 (GBD) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs Luis Guaman,[1] Moises Morales and Marlon Nieto (collectively, "Plaintiffs"), who worked as runners and bussers at restaurants owned and operated by Defendant 68th St. Cafe Inc. ("68th St. Cafe"),[2] bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"). Plaintiffs allege, *inter alia*, that Defendants violated the minimum wage, overtime, spread-of-hours, wage notice and illegal deduction from gratuities provisions of the FLSA and NYLL. (Compl., ECF No. 1, ¶¶ 42-65.)

Presently before the Court is Plaintiffs' motion that the Court: (1) conditionally certify a FLSA collective consisting of servers, runners and bussers employed by Defendants between July 9, 2016 and February 28, 2018; (2) order Defendants to produce certain identifying information about potential opt-in plaintiffs to facilitate the dissemination of notice of this action; and (3)

---

[1] Plaintiffs state that that Luis Guaman's surname is misspelled on the Court's docket as "Guanan." (Pl. Mem., ECF No. 18, at 1.)

[2] Plaintiffs allege that one of the restaurants owned by 68th St. Cafe was operated by the three individually named defendants. The corporate and individual defendants collectively are referred to herein as the "Defendants."

approve Plaintiffs' proposed notices and plan of notice.[3] (*See* Notice of Mot., ECF No. 17; Pl. Mem. at 1.) For the reasons set forth below, Plaintiffs' motion is DENIED WITHOUT PREJUDICE.

## **BACKGROUND**[4]

Plaintiffs worked for Defendants at their restaurant located at 2014 Broadway in Manhattan from 2009 until 2018 or 2019. (Guaman Decl., ECF No. 20, ¶ 2; Morales Decl., ECF No. 21, ¶ 2; Nieto Decl., ECF No. 22, ¶ 2.) The restaurant was called Luce Restaurant and Enoteca ("Luce") until approximately February 28, 2018, when it was renamed. (Guaman Decl. ¶ 2; Morales Decl. ¶ 2; Nieto Decl. ¶ 2.)

While the restaurant was named Luce, Defendants did not pay Plaintiffs for more than 40 hours per week, even though they typically worked more than 40 hours per week. (Guaman Decl. ¶¶ 3-10 & Exs. 1, 2; Morales Decl. ¶¶ 3-6, 8-11 & Exs. 1, 2; Nieto Decl. ¶¶ 3-11 & Exs. 1, 2.) At Luce between 2016 and 2018, Plaintiffs frequently worked three doubles shifts per week plus three additional dinner shifts. (Guaman Decl. ¶ 5; Morales Decl. ¶ 5; Nieto Decl. ¶ 5.) During that time period, double shifts included at least 9.5 hours of work time and dinner shifts included at least seven hours of work time. (Guaman Decl. ¶ 4; Morales Decl. ¶ 4; Nieto Decl. ¶ 4.) Thus, in

---

[3] As other courts have noted, in contrast to the requirements of Federal Rule of Civil Procedure 23 pertaining to class actions, "neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA collective action." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 463 n.1 (S.D.N.Y. 2008). Thus, although Plaintiffs have styled their motion as one to conditionally certify a class, it is more appropriately characterized as a request for the Court to authorize notice to potential opt-in plaintiffs.

[4] At the conditional certification stage, courts "should not weigh the merits of the underlying claims," *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (citing *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)), and should not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson v. Bloomberg, L.P.*, Case 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (internal quotation marks omitted). Accordingly, for the purposes of resolving the collective certification motion, I treat the facts alleged by Plaintiffs as true. *See Cortes v. New Creators, Inc.*, Case No. 15-CV-05680 (PAE), 2015 WL 7076009, at *1 n.1 (S.D.N.Y. Nov. 12, 2015).

weeks when Plaintiffs worked three double shifts plus three dinner shifts, they worked at least 49.5 hours. Nonetheless, in those weeks, Defendants did not pay them for more than 40 hours. (Guaman Decl. ¶¶ 3-6 & Ex. 2; Morales Decl. ¶ 3-6 & Ex. 2; Nieto Decl. ¶¶ 3-7 & Ex. 1.)

Plaintiffs assert that Defendants' practice of not paying employees for overtime hours was not limited to Plaintiffs. However, only two of the three Plaintiffs identify other employees by name who had told them they were not paid overtime. And for those two employees—servers named Armend Rexha and Leutrim Pllana—Plaintiffs do not specify the hours worked by these men. (*See* Guaman Decl. ¶ 11; Nieto Decl. ¶ 13.)

For their side, Defendants contend that Plaintiffs were paid properly and that Defendants have books and records to support their position. (*See* Mila Decl., ECF No. 24, ¶¶ 2-6 & Exs. A & B.) In addition, Defendants state that the two servers identified by Plaintiffs (*i.e.*, Rexha and Pllana[5]) never complained to Defendants about the restaurant's pay practices, and that Rexha affirmatively stated that he never discussed the restaurant's pay practices with any of the Plaintiffs. (*See* Mila Decl. ¶¶ 9-10.)

**DISCUSSION**

**I.**    **Legal Standards**

The FLSA provides that "any one or more employees" may bring an action against an employer "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To become a party to such an action, an employee must file written consent in the court in which the action is brought. *Id.* "Although they are not required to do so by FLSA,

---

[5] Defendants spell the surname "Plana" (Mila Decl. ¶ 7), not "Pllana," as used by Plaintiffs.

district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has approved a two-step method for the exercise of the Court's discretion. *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015) (citing *Myers*, 624 F.3d at 554). First, in the step known as "conditional certification," if the named plaintiffs make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" the trial court may make an initial determination to send notice to potential opt-in plaintiffs. *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the second stage, which typically occurs after discovery is complete, the court determines whether the opt-ins are in fact "similarly situated" to the named plaintiffs; if the record reveals that they are not, the court may "de-certify" the collective action and dismiss those plaintiffs' claims without prejudice. *Myers*, 624 F.3d at 555 (citations omitted).

During the initial conditional certification stage, the requirement of a "modest factual showing" cannot be satisfied solely by "unsupported assertions." *Myers*, 624 F.3d at 555. However, because the purpose of this first stage is "merely to determine *whether* 'similarly situated plaintiffs do in fact exist," plaintiffs have a low burden of proof. *Id.* (emphasis in original) (citing *Hoffmann*, 982 F. Supp. at 261). Documents properly considered on a conditional certification motion "include plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits

4

and declarations of other potential class members.'" *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013) (quoting *Hamadou*, 915 F. Supp. 2d at 661).

Although "[t]here is a 'consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations,'" plaintiffs are not required to provide "the times and dates" of the conversations, so long as the court "'can fairly infer' that other [employees] 'labored under similar working conditions and thus suffered the same violations of the FLSA.'" *Racey v. Jay-Jay Cabaret, Inc.*, No. 15-CV-08228 (KPF), 2016 WL 3020933, at *4 (S.D.N.Y. May 23, 2016); *Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 525 (S.D.N.Y. 2015); *see also Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17-CV-00273 (LAP), 2018 WL 1737726, at *4 (S.D.N.Y. Mar. 26, 2018) ("For Plaintiffs to meet their burden, they are obligated to provide some probative information regarding similarly situated employees such as their names, their duties and their hours worked") (citations and quotation marks omitted).

## II. **Application**

Plaintiffs seek conditional certification as to all servers, runners and bussers employed by Defendants between July 9, 2016 and February 28, 2018, but Plaintiffs have not made even a modest showing that there are other employees who are similarly situated to the three Plaintiffs. The three Plaintiffs have submitted declarations describing similar practices to which each of them was subject, in their capacities as bussers and food runners. Since their attorneys presumably drafted each of the declarations, it is unsurprising that the language of each declaration is very similar and, in some cases, identical. However, based upon the record before

the Court, there is an inadequate basis for the Court to infer that there are other employees similarly situated to the three Plaintiffs.

The only other restaurant employees identified by two of the Plaintiffs worked in different jobs, as servers, and no information is provided as to the hours they worked. Plaintiffs have not submitted declarations from these employees. Thus, the only evidence submitted by the Plaintiffs as to the existence of possibly similarly situated employees are statements by Plaintiff Guaman (Guaman Decl. ¶ 11) and Plaintiff Nieto (Nieto Decl. ¶ 13), but not Plaintiff Morales, that the two servers, Rexha and Pllana, had told Guaman and Nieto they were not paid overtime.[6]

Plaintiffs' motion for court-authorized notice therefore is denied without prejudice to its renewal upon a more developed factual record. Nonetheless, courts have broad discretion to authorize discovery in FLSA actions. "Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date." *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010). Accordingly, Defendants are directed to provide Plaintiffs with the last known addresses for Rexha and Pllana no later than August 30, 2019.

---

[6] While Plaintiffs point in their reply memorandum to the tip sheets attached to Plaintiffs' declarations as evidence of similarly situated servers (Reply Mem., ECF No. 26, at 3), those tip sheets do not identify the servers by name, and do not reflect what those servers were paid for the hours worked. (*See* Guaman Decl., Ex. 1; Morales Decl., Ex. 1; Nieto Decl., Ex. 2.)

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for conditional collective action certification is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

DATED: New York, New York
August 15, 2019

_____
STEWART D. AARON
United States Magistrate Judge