UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS GUANAN, MOISES MORALES, and
MARLON NIETO, on behalf of themselves and all          ECF CASE
others similarly situated,

                Plaintiffs,

                                  Index No.: 19-CV-1426

    -against-

68th ST. CAFE INC. d/b/a SOLE BISTRO,
ITALIANO and d/b/a/ LUCE RESTAURANT
and ENOTECA, DRITON MILA, RAMAZAN
MILA and GAZMEND HODZIC,

                Defendants.
------------------------------------------------------------X

**DEFENDANTS' RESPONSE TO PLAINTFFS' OBJECTIONS TO THE
MAGISTRATE JUDGE'S AUGUST 15, 2019 ORDER DENYING PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE CLASS**

Lebow & Sokolow LLP
770 Lexington Avenue
New York, NY 10065
*Attorneys for Defendants*
*68th St. Cafe Inc., d/b/a Sole Bistro Italiano,*
*and d/b/a Luce Restaurant and Enoteca,*
*Briton Mila, Ramazan Mila and Gazmed Hodzic*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT ................................................................................................................3

      THE MAGISTRATE'S DECISION DENYING PLAINTIFF'S MOTION
      FOR CONDITIONAL CERTIFICATION SHOULD BE UPHELD........................3

CONCLUSION..............................................................................................................7

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                              **Page(s)**

*Ahmed v. T. J. Maxx Corp.*
  103 F. Supp.3d 343 (E.D.N.Y. 2015) .................................................................5
*Becerra v. IM LLC-1*
  2016 WL 8968978 (E.D.N.Y. 2016)...............................................................4,5
*Bittencourt v. Ferrara Bakery & Café, Inc.*
  310 F.R.D. 106 (S.D.N.Y. 2015) .....................................................................3
*Conway v. Icahn & Co., Inc.*
  16 F.3d 504 (2d Cir. 1994)................................................................................5
*Garcia v. Benjamin Group Enterprise Inc.*
  800 F. Supp. 2d 399 (E.D.N.Y. 2011) .............................................................5
*Guan Ming Lin v. Benihana Nat'l Corp.*
  755 F. Supp. 2d 504 (S.D.N.Y. 2010)...............................................................4
*Guzman v. Three Amigos SJL Inc.*
  117 F. Supp. 3d 516 (S.D.N.Y. 2015)...............................................................6
*Jin Yun Zheng v. Good Fortune Supermarket Group (USA), Inc.*
  2013 WL 5132023 (E.D.N.Y. 2013)..................................................................3
*Joshi v. Flagship S B Amsterdam NY, LLC*
  2018 BL 70110 (S.D.N.Y. 2018).......................................................................4
*Lianhu Weng v. Kung Fu Little Steamed Buns Ramen Inc.*
  2018 WL 1737726 (S.D.N.Y. 2018)..................................................................6
*Mobil Shipping and Transportation Co. v. Wonsild Liquid Carriers, Ltd.*
  190 F.3d 64 (2d Cir. 1999)..............................................................................5,6
*Myers v. Hertz Corp.*
  624 F.3d 537 (2nd Cir. 2010)..........................................................................3,6
*Racey v. Jay-Jay Caberet, Inc.*
  2016 WL 3020933 (S.D.N.Y. 2016)..................................................................6
*Romero v. H.B. Automotive Group, Inc.*
  2012 WL 1514810 (S.D.N.Y. 2012)..................................................................4
*Surles v. Air France*
  210 F. Supp. 2d 501 (S.D.N.Y. 2002); F.R.C.P. 72(a) .......................................5
*Thomas E. Hoar Inc. v. Sara Lee Corp.*
  900 F.2d 522 (2d Cir. 1990), cert denied,
  498 U.S. 846, 111 S. Ct. 132, 112 L.Ed.2d 100 (1990)........................................5

**<u>Other Authorities</u>**

Fair Labor Standards Act §29 U.S.C. §216(b)....................................................3,4

This response to Plaintiffs' Objections to Magistrate Judge Stewart Aaron's August 15, 2019 Order (hereinafter the "Order") denying Plaintiffs' motion for conditional certification of FLSA Collective Class is submitted by Defendants 68th ST. CAFE INC. d/b/a/ SOLE BISTRO ITALIANO and d/b/a LUCE RESTAURANT and ENOTECA ("Sole Bistro" or the "Restaurant"), DRITON MILA, RAMAZAN MILA and GAZMEND HODZIC (collectively, "Defendants") by their attorneys Lebow & Sokolow LLP.

Plaintiffs have not established the requisite showing that the putative class members were "victims of a common policy or plan that violated the law," and, therefore, notices, productions and postings are not warranted.  Accordingly, the Magistrate's Order denying conditional class certification should be affirmed in its entirety.

## PRELIMINARY STATEMENT

Plaintiffs now object to Magistrate Aaron's Order. A magistrate's order is afforded substantial deference and will only be overturned if the District Judge determines that the decision was clearly erroneous and resulted in an abuse of discretion. The Order denied Plaintiffs' motion for conditional certification in its entirety. The principal reason for Magistrate Aaron's determination was his finding, based on the evidence submitted, that Plaintiffs failed to establish even the modest requisite showing for conditional certification. Specifically, Plaintiffs' papers in support of their motion failed to provide sufficient factual detail regarding the Restaurant's alleged practices and that Plaintiffs failed to meet their burden of establishing that other employees were similarly situated to Plaintiffs (Order, page 6). Thus, Magistrate Aaron's denial of Plaintiff's motion for conditional certification was a correct application of the law and should be upheld.

## STATEMENT OF FACTS

Sole Bistro is a small Italian restaurant located on West 68th Street in New York City. Plaintiff Luis Guanan worked as a busser at Sole Bistro from May 2009 through December 2018. Plaintiff Moises Morales worked as a busser at Sole Bistro from May 2009 through April 2019. Plaintiff Marlon Nieto worked as a food runner at Sole Bistro from April 2009 through December 2018.

Plaintiffs received the requisite wage notices required by NYLL, were advised of the tip credit provisions of the FLSA and received more than the minimum wage for the 40 hours worked each week (see Declaration of individual Defendant Driton Mila, sworn to on July 26, 2019, hereinafter "Mila Declaration" ECF #24). Plaintiffs are not entitled to overtime payments or spread-of-hour payments, because they did not work the requisite hours for these provisions to trigger (Mila Declaration ECF #24).  Since 2017, Plaintiffs were required to log in when they arrived for their shift and were required to log out at the end of each shift. The Restaurant's books and records undeniably establish that Defendants utilized a Point of Sale time clock system to monitor employees' hours from 2017-2019 (See schedules annexed as Exhibit "A" to the Mila Declaration ECF #24).  Prior to the time clock system's implementation, the Plaintiff employees followed a paper schedule that was identical in every respect to the time clock system implemented thereafter. Plaintiffs' weekly paystubs set forth the hours worked each week and the number of tip hours which correspond to the work schedules (See samples annexed to the Mila Declaration ECF #24).

Plaintiff's unsupported, undocumented and unspecified allegations that they routinely worked more than 40 hours each week are false. Plaintiffs' allegations that Defendants engaged in an illegal practice of "failing to pay the overtime premium" are

likewise unsupported. Plaintiffs' unsupported conclusory allegations that other employees were subjected similar allegedly illegal practices are also unsupported. This entire case is a sham. Plaintiffs' motion provides nothing more than hearsay statements which are contradicted by the Restaurant's books and records.

**ARGUMENT**

**THE MAGISTRATE'S DECISION DENYING PLAINTIFF'S**
**MOTION FOR CONDITIONAL CERTIFICTION SHOULD BE UPHELD**

Magistrate Judge Steward Aaron properly denied Plaintiffs' motion for conditional certification of an FLSA class. Magistrate Aaron did not abuse his discretion in finding that the record failed to make even a modest showing that there are any other employees who are similarly situated to the three Plaintiffs. (Order, page 5).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537 (2nd Cir. 2010). First, the plaintiff(s) must show that the proposed members of the collective action are "similarly situated." 29 U.S.C. §216(b). While not defined by statute, the courts in this circuit apply the "factual nexus" test. As such, the courts require a "factual nexus" between the plaintiff(s)' claims and the potential claims of other putative collective action members. *Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106 (S.D.N.Y. 2015). Plaintiffs then must make a "modest" showing based on the pleadings and affidavits that the potential putative class members are "victims of a common policy or plan that violated the law." *Bittencourt*, supra. Conclusory allegations are not sufficient to support a motion for conditional class certification. Some factual showing, by affidavit or otherwise, must be made. *Jin Yun Zheng v. Good Fortune Supermarket Group (USA), Inc.*, 2013 WL

3

5132023 (E.D.N.Y. 2013); *Romero v. H.B. Automotive Group, Inc.*, 2012 WL 1514810 (S.D.N.Y. 2012).

Motions for conditional certification must be denied where, as here, plaintiffs fail to provide more than their own unsubstantiated claims of a common policy or plan that violates the law. *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504 (S.D.N.Y. 2010).

Most recently, the Southern District denied conditional certification based on conclusory allegations. *Joshi v. Flagship S B Amsterdam NY, LLC*, 2018 BL 70110 (S.D.N.Y. 2018). In *Joshi*, supra, the court held that the plaintiff's vague descriptions of conversations with other waiters which failed to describe specific instances of violations failed to support a claim for conditional certification. The court denied conditional certification, stating that general and conclusory allegations are "precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under 29 U.S.C. §216(b)."

In objecting to the Magistrate's Order, Plaintiffs cite a plethora of case law where conditional certification was granted where only a modest factual showing of similarly situated employees made by the plaintiffs at the conditional certification stage. These cases cited by Plaintiff are clearly distinguishable from the instant case. In the cases cited by Plaintiff, the plaintiffs submitted far more evidence in their motions for conditional certification than Plaintiffs submitted in their motion. *Becerra v. IM LLC-1*, 2016 WL 8968978 (E.D.N.Y. 2016). (The court there affirmed the magistrate's denial of conditional certification where affidavits did not submit enough evidence in support of conditional certification). Moreover, here, Magistrate Aaron found that Plaintiffs did not even make a

modest factual showing that any other employee was similarly situated to Plaintiffs. Magistrate Aaron's findings were proper, and his Order should be upheld.

The Court shall only modify or set aside a magistrate's order concerning a non-dispositive matter where the order is "clearly erroneous or contrary to law." *Thomas E. Hoar Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir. 1990), cert denied, 498 U.S. 846, 111 S. Ct. 132, 112 L.Ed.2d 100 (1990); *Surles v. Air France*, 210 F. Supp. 2d 501 (S.D.N.Y. 2002); F.R.C.P. 72(a).   A motion seeking conditional class certification is only a preliminary determination and is not dispositive, and thus the "clearly erroneous" standard applies in reviewing Magistrate Aaron's Order. *Bacerra v. IM LLC-1*, supra. Under the "clearly erroneous" standard of review, a district court may reverse a magistrate's finding only if it is left with the definite and firm conviction that a mistake has been committed. *Mobil Shipping and Transportation Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64 (2d Cir. 1999); *Garcia v. Benjamin Group Enterprise Inc.*, 800 F. Supp. 2d 399 (E.D.N.Y. 2011).

Similarly, under the "contrary to law standard" of review, a district court may reverse a finding only if it finds the magistrate failed to apply or misapplied relevant laws or statutes. *Surles*, supra.

As such, Magistrate Aaron's findings deserve substantial deference and broad discretion, *Surles*, supra, and reversal is only appropriate where this discretion is abused. *Conway v. Icahn & Co., Inc.*, 16 F.3d 504 (2d Cir. 1994); *Garcia*, supra.

Moreover, under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the district court would have decided differently. *Becerra*, supra; *Ahmed v. T. J. Maxx Corp.*, 103 F. Supp.3d 343

(E.D.N.Y. 2015), relying on *Mobil Shipping, supra,* where the court affirmed a magistrate judge's denial of conditional certification motion.

In his order, Magistrate Aaron applied the applicable New York law regarding conditional certification, holding that during the conditional certification stage any requirement of a "modest factual showing" cannot be satisfied solely by "unsupported assertions." *Myers,* supra (Order, page 4). He then carefully analyzed the recent cases in this district regarding the detail required for conditional certification. "There is a consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimal level of detail regarding the contents of those conversations or observation. *Racey v. Jay-Jay Caberet, Inc.*, 2016 WL 3020933 (S.D.N.Y. 2016); *Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516 (S.D.N.Y. 2015); *Lianhu Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 WL 1737726 (S.D.N.Y. 2018) ('For Plaintiffs to meet their burden, they are obligated to provide some probative information regarding similarly situated employees such as their names, their duties, and hours worked')."

The Magistrate then carefully reviewed the evidence provided by Plaintiffs, accepted all the facts alleged by Plaintiffs as true (Order, footnote 4), and applied the most current case law in this district to the facts on the record. He explained that the only other restaurant employees identified by two of the Plaintiffs worked in different jobs, that Plaintiffs provided no information as to the hours the other employees worked and did not submit affidavits from those employees. Magistrate Aaron further considered the "tip sheets" provided by Plaintiff and found the sheets inadequate, because the tip sheets did not identify the servers by name and did not reflect what those servers were paid for the

hours worked (Order, footnote 6). Accordingly, the Magistrate determined that the affidavits and documents submitted by Plaintiff did not contain the requisite details to establish that any other employees were similarly situated to Plaintiffs (Order, page 5).

Thus, far from being "clearly erroneous" or "contrary to the law," Magistrate Aaron correctly concluded that, based on the record, there is an inadequate basis for the Court to infer that there are other employees similarly situated to the three Plaintiff. (Order, page 6). He correctly denied Plaintiffs' motion for conditional certification.

## CONCLUSION

Plaintiffs have failed to establish that Magistrate Aaron's Order was clearly erroneous or contrary to law. Therefore, Defendants respectfully request that Magistrate Aaron's Order be upheld in its entirety.

Dated: New York, NY
September 3, 2019

LEBOW & SOKOLOW LLP

By: _____
Mark D. Lebow (ML-8007)
770 Lexington Avenue
New York, NY 10065
Tel. (212) 935-6000
Fax (212) 935-4865
*Attorneys for Defendants*