# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LUIS GUANAN, MOISES MORALES, and          CASE NO. 19 CV 1426
MARLON NIETO, on behalf of themselves
and others similarly situated,

        Plaintiffs,

    v.

68TH ST. CAFE INC., d/b/a SOLE BISTRO
ITALIANO and d/b/a LUCE RESTAURANT
AND ENOTECA, DRITON MILA,
RAMAZAN MILA, and GAZMEND
HODZIC,

        Defendants.
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

    Plaintiffs Luis Guaman (mis-spelled in caption as "Guanan"), Moises Morales, and Marlon Nieto (collectively, "Plaintiffs") and Defendants 68th St. Café Inc., Driton Mila, Ramazan Mila, and Gazmend Hodzic (collectively, "Defendants," and together with Plaintiffs, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

    **WHEREAS,** Plaintiffs have pending against Defendants an action in the United States District Court for the Southern District of New York bearing Case Number 19 CV 1426 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and related regulations;

    **WHEREAS,** Defendants have filed an Answer with the Court, denying all allegations in the Complaint, denying Plaintiffs' entitlement to any relief whatsoever against Defendants, and asserting a number of affirmative defenses;

    **WHEREAS,** Plaintiffs' counsel of record in the Action and Defendants' counsel have negotiated in good faith to reach a settlement that is acceptable to the Parties and that constitutes a reasonable compromise of Plaintiffs' claims, Defendants' defenses, and the *bona fide* dispute between the Parties.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of her heirs, executors, administrators and assigns, and Defendants agree as follows:

**1.      Dismissal of Action.**

For and in consideration of the promises of Defendants set forth in this Agreement, the Parties agree to dismiss, or cause to be dismissed, the Action with prejudice.  To that end, the Parties shall sign the Stipulation and Order of Dismissal annexed hereto as Exhibit A.  Upon execution of this Agreement, Plaintiffs shall submit this Agreement to the Court for approval.

**2.      Payment/Consideration.**

(a)      In consideration of the execution of this Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this Action is settled and resolved for the gross total amount of One Hundred Twenty Thousand Dollars and No Cents ($120,000.00) (the "Settlement Sum"), inclusive of attorneys' fees, costs, and expenses to be paid entirely by Defendants as follows:

a.  $26,576.15 payable to Plaintiff Luis Guaman (Guaman's "Individual Settlement Amount");

b.  $26,576.15 payable to Plaintiff Moises Morales (Morales' "Individual Settlement Amount");

c.  $26,576.15 payable to Plaintiff Marlon Nieto (Nieto's "Individual Settlement Amount"); and

d.  $40,271.55 payable to Joseph & Kirschenbaum LLP ("JK") as attorneys' fees ($39,864.20) and costs ($407.35).

(b)      The Settlement Sum shall be paid on the following schedule:

| Date | Guaman | Morales | Nieto | JK | Total |
|---|---|---|---|---|---|
| Seven (7) days after dismissal of the Action | $26,576.15 | $26,576.15 | $26,576.15 | $271.55 | $80,000 |
| Thirty-seven (37) days after dismissal of the Action | | | | $10,000 | $10,000 |
| Sixty-seven (67) days after dismissal of the Action | | | | $10,000 | $10,000 |
| Ninety-seven (97) days after dismissal of the Action | | | | $10,000 | $10,000 |
| One hundred twenty-seven (127) days after dismissal of the Action | | | | $10,000 | $10,000 |

2

(c)    Any settlement installment payment that falls due on a weekend or legal holiday shall be due on the following business day.

(d)    All settlement checks shall be delivered to Joseph & Kirschenbaum LLP, Attn: Denise A. Schulman, 32 Broadway, Suite 601, New York, NY 10004.

## 3.    Default & Confession of Judgment.

(a)    **Effect of Failure to Make Timely Payments.**  In the event that Defendants fail to make a timely payment according to the schedule set forth in Paragraph 2 of this Agreement, then the full remaining balance of the Settlement Sum shall come immediately due and payable, subject to the notice and cure terms outlined in Paragraph 3(c) herein.

(b)    **Confession of Judgment.**  Simultaneously with the execution of this Agreement, each Defendant other than Ramazan Mila shall deliver to Plaintiffs' counsel an original copy of an executed affidavit for confession of judgment in the amount of $120,000 in the form attached hereto as Exhibit B.  The affidavits for confession of judgment must bear original signatures, as opposed to copied or electronic signatures.  Plaintiffs' counsel shall hold the affidavits for confession of judgment in escrow and shall not file them in any court unless and until Defendants default in the payment of the Settlement Sum and fail to cure their default in accordance with the notice and cure provisions set forth in Paragraph 3(c).  Upon full payment of the Settlement Sum, Plaintiffs' counsel shall destroy or return the original copy of the consent judgment to Defendants' counsel and shall not retain any copies thereof.

(c)    **Notice to Cure.**  There shall be a five (5) day grace period for any default, in whole or in part, in any payment to be made by the Defendants under this Agreement.  Following the five (5) day grace period, Plaintiffs shall notify Defendants' counsel Gail Weiner, Lebow & Sokolow LLP, 770 Lexington Avenue, 6th Floor, New York, NY 10065, gail@lebow.net, of their intent to file the affidavits for confession of judgment for judgment to be entered against Defendants declaring the entire settlement sum then unpaid immediately due and payable.  If Defendants do not cure the defect within five (5) days of the notice, all monies owed under this Agreement shall be immediately due in their entirety, and Plaintiffs may file the affidavits for confession of judgment.

(d)    **Attorneys' Fees and Costs.**  Plaintiffs shall be entitled to their reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment.  In the event of any litigation to enforce a breach of this Agreement by any party, the prevailing party shall be entitled to receive reasonable attorneys' fees and costs up through and including the appellate process.

## 4.    Release.

Plaintiffs, in consideration of the Settlement Payment set forth in Paragraph 2, release and forever discharge Defendants and their respective current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, attorneys parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns (collectively referred to as "Defendants' Releasees") from all

federal and state wage-and-hour causes of action, claims, or demands that arose prior to the execution of this Agreement (the "Plaintiffs' Released Claims").

5.    **Mutual Non-Disparagement/Neutral Reference.**

(a)    Plaintiffs shall not denigrate or defame Defendants or cause directly or indirectly any negative publicity to be disseminated about Defendants, either orally, in writing, or by any other medium.  Notwithstanding the foregoing, Plaintiffs may make truthful statements regarding this Action and/or the facts underlying this Action.

(b)    Defendants' executive management team and the Individual Defendants shall not denigrate or defame Plaintiffs or cause directly or indirectly any negative publicity to be disseminated about Plaintiffs, either orally, in writing, or by any other medium.  Defendants further agree that they will provide a neutral response to any third-party requests for employment references on behalf of any Plaintiff consisting of that Plaintiff's dates of employment and job title(s).

(a)    Nothing in this Paragraph shall prohibit the Parties from making truthful statements pursuant to legal process (e.g. in a deposition, under subpoena) or to any government entity or agent.

7.    **Plaintiffs' Responsibility for Taxes.**

Plaintiffs assume full responsibility for the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement.  Plaintiffs expressly acknowledge and warrant that they are, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to them that may result from the payments under this Agreement, and Plaintiffs warrant that Defendants shall bear no responsibility for any such tax liabilities, except for the employers' payroll tax contributions (such as FICA) for which Defendants may be liable.

8.    **Non-Admission.**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached any agreement, or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that Defendants have denied and continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof as well as any liability to Plaintiffs or to anyone else.  Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in a proceeding to enforce the terms of this Agreement.

9.    **Attorneys' Fees.**

Except as otherwise specifically set forth herein, Plaintiffs and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation, including the fees, costs and disbursements incurred in negotiating and preparing this Agreement and obtaining

the dismissal of the Action with prejudice.  No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

**10.    Important Acknowledgments.**

Plaintiffs acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement.  Plaintiffs further represent that they had sufficient opportunity to consider this Agreement, has reviewed the terms of this Agreement, had the opportunity to confer with their legal counsel, Joseph & Kirschenbaum LLP, in order to obtain advice with respect to the terms of this Agreement, had the opportunity to consider their legal counsel's advice with respect to the Agreement, fully understand the terms of the Agreement, are entering into this Agreement of their own free will and accord after consultation with her legal counsel, and are signing the Agreement knowingly and voluntarily.

It is understood and agreed that the Settlement Sum and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby.  The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, is a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked.  The Parties represent and warrant that the Settlement Sum is fair and reasonable.  The Parties represent and warrant that the attorneys' fees portion of the Settlement Sum is fair and reasonable.

**11.    Oral Modifications Prohibited.**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to the Action.  This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**12.    Choice of Law.**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**13.    Effective Date.**

This Agreement shall become effective immediately upon execution of all Parties.

**14.    Headings.**

The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15.   **Counterparts.**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which shall constitute one (1) Agreement.

16.   **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Paragraph 16 does not apply to the signatures on the affidavits for confession of judgment, which must bear original signatures and not facsimile or e-mailed signatures.

17.   **Severability.**

The invalidity or unenforceability of any provision(s) of this Agreement (other than Paragraph 2) shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect. In the event that a court of competent jurisdiction determines that Paragraph 2 is invalid or unenforceable, then all monies paid hereunder must be returned immediately to Defendants.

18.   **Status of Settlement if Case Is Not Ultimately Dismissed.**

In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

19.   **No Other Representations or Agreements; Entire Agreement.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties and supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This Agreement is an integrated document.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

_____          Date: _10-30-19_ , 2019
Luis Guzman

_____          Date: _10-30-19_ , 2019
Moises Morales

_____          Date: _10-30-19_ , 2019
Marlon Nieto

_____          Date: _____ , 2019
68th St. Café Inc.
By:
Title:

_____          Date: _____ , 2019
Driton Mila

_____          Date: _____ , 2019
Ramadan Mila

_____          Date: _____ , 2019
Gazmend Hodzic

7

_____          Date: _____, 2019
Luis Guaman


_____          Date: _____, 2019
Moises Morales


_____          Date: _____, 2019
Marlon Nieto


_____          Date: OCTORER 30 , 2019
68th St. Café Inc.
By:
Title:


_____          Date: OCTOBER 3U, 2019
Driton Mila


_____          Date: OctoLer 30 2019
Ramadan Mila


_____          Date: october 20, 2019
Gazmend Hodzic


7

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

LUIS GUANAN, MOISES MORALES, and          CASE NO. 19 CV 1426
MARLON NIETO, on behalf of themselves
and others similarly situated,

                      Plaintiffs,

      v.

68TH ST. CAFE INC., d/b/a SOLE BISTRO
ITALIANO and d/b/a LUCE RESTAURANT
AND ENOTECA, DRITON MILA,
RAMAZAN MILA, and GAZMEND
HODZIC,

                    Defendants.
-------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED that this action has been discontinued and is hereby

dismissed with prejudice and without costs to any party against any other.  This Stipulation may

be filed with the Court without further notice to any party.

Dated: New York, New York
          October 31         , 2019

**JOSEPH & KIRSCHENBAUM LLP**          **LEBOW & SOKOLOW LLP**

By:_____          By:_____
    Denise A. Schulman              Gail Weiner
    32 Broadway, Suite 601              770 Lexington Ave., 6th Floor
    New York, New York 10004              New York, NY 10065

*Attorneys for Plaintiffs*          *Attorneys for Defendants*

                                      **So Ordered**

                                  _____
                                    Hon. George B. Daniels (U.S.D.J.)

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LUIS GUANAN, MOISES MORALES, and          CASE NO. 19 CV 1426
MARLON NIETO, on behalf of themselves
and others similarly situated,

             Plaintiffs,

     v.

68TH ST. CAFE INC., d/b/a SOLE BISTRO
ITALIANO and d/b/a LUCE RESTAURANT
AND ENOTECA, DRITON MILA,
RAMAZAN MILA, and GAZMEND
HODZIC,

            Defendants.
-------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                 ) ss.:
COUNTY OF NEW YORK  )

_____, being duly sworn, deposes and says:

1.    I am the _____ of 68th St. Café Inc., a Defendant in the above-captioned action.

2.    68th St. Café Inc.'s address is _____.

3.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against 68th St. Café Inc.

4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5.      Plaintiffs' lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiffs for all hours worked, including overtime hours; (2) were not entitled to pay Plaintiffs pursuant to state tip credits; (3) failed to pay Plaintiffs spread of hours compensation; (4) required Plaintiffs to share tips with a tip-ineligible employee; and (5) failed to provide Plaintiffs with the notices required by New York law.

6.      Defendants filed an Answer denying all allegations in the Lawsuit, denying Plaintiffs' entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7.      In or around October 2019, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay One Hundred Twenty Thousand Dollars ($120,000.00) consisting of: (1) one payment of $80,000.00, to be paid within seven (7) days of execution of the Agreement (the "First Payment"); and (2) four equal monthly installment payments of $10,000, with the first installment payment due within thirty (30) days after payment of the First Payment.

8.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiffs shall provide five (5) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have five (5) days to remedy its default.

9.      If Defendants do not remedy their default within five (5) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiffs in collecting this sum, and less any payment made by Defendants under the Agreement.

2

10.     I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against 68th St. Café Inc.

Dated: New York, New York
_____, 2019

        By:  _____

            68th St. Café Inc.
            Name:
            Title:

Sworn to before me this

\_\_\_\_ day of _____, 2019

_____
Notary Public

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LUIS GUANAN, MOISES MORALES, and          CASE NO. 19 CV 1426
MARLON NIETO, on behalf of themselves
and others similarly situated,

                Plaintiffs,

      v.

68TH ST. CAFE INC., d/b/a SOLE BISTRO
ITALIANO and d/b/a LUCE RESTAURANT
AND ENOTECA, DRITON MILA,
RAMAZAN MILA, and GAZMEND
HODZIC,

              Defendants.
-------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )

Driton Mila, being duly sworn, deposes and says:

1.    I am a Defendant in the above-captioned action.

2.    My address is _____.

3.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me.

4.    This is a judgment to be confessed for money due.  The facts out of which the debt arose and the sum confession due is set forth below.

5.    Plaintiffs' lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiffs for all hours worked, including overtime hours; (2) were not entitled to pay Plaintiffs pursuant to state tip credits; (3) failed to pay Plaintiffs spread of hours compensation; (4) required

1

Plaintiffs to share tips with a tip-ineligible employee; and (5) failed to provide Plaintiffs with the notices required by New York law.

6.      Defendants filed an Answer denying all allegations in the Lawsuit, denying Plaintiffs' entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7.      In or around October 2019, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay One Hundred Twenty Thousand Dollars ($120,000.00) consisting of: (1) one payment of $80,000.00, to be paid within seven (7) days of execution of the Agreement (the "First Payment"); and (2) four equal monthly installment payments of $10,000, with the first installment payment due within thirty (30) days after payment of the First Payment.

8.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiffs shall provide five (5) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have five (5) days to remedy its default.

9.      If Defendants do not remedy their default within five (5) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiffs in collecting this sum, and less any payment made by Defendants under the Agreement.

10.     I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

/

/

2

Dated: New York, New York                              By: _____
_____, 2019                            Driton Mila
Sworn to before me this

\_\_\_\_ day of _____, 2019

_____
Notary Public

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LUIS GUANAN, MOISES MORALES, and          CASE NO. 19 CV 1426
MARLON NIETO, on behalf of themselves
and others similarly situated,

     Plaintiffs,

    v.

68ᵀᴴ ST. CAFE INC., d/b/a SOLE BISTRO
ITALIANO and d/b/a LUCE RESTAURANT
AND ENOTECA, DRITON MILA,
RAMAZAN MILA, and GAZMEND
HODZIC,

     Defendants.
-------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK  )
        ) ss.:
COUNTY OF NEW YORK )

Gazmend Hodzic, being duly sworn, deposes and says:

1.  I am a Defendant in the above-captioned action.

2.  My address is _____.

3.  I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me.

4.  This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5.  Plaintiffs' lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiffs for all hours worked, including overtime hours; (2) were not entitled to pay Plaintiffs pursuant to state tip credits; (3) failed to pay Plaintiffs spread of hours compensation; (4) required

1

Plaintiffs to share tips with a tip-ineligible employee; and (5) failed to provide Plaintiffs with the notices required by New York law.

6.      Defendants filed an Answer denying all allegations in the Lawsuit, denying Plaintiffs' entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7.      In or around October 2019, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay One Hundred Twenty Thousand Dollars ($120,000.00) consisting of: (1) one payment of $80,000.00, to be paid within seven (7) days of execution of the Agreement (the "First Payment"); and (2) four equal monthly installment payments of $10,000, with the first installment payment due within thirty (30) days after payment of the First Payment.

8.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiffs shall provide five (5) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have five (5) days to remedy its default.

9.      If Defendants do not remedy their default within five (5) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiffs in collecting this sum, and less any payment made by Defendants under the Agreement.

10.     I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

/

/

Dated: New York, New York

By: _____

_____, 2019

Gazmend Hodzic

Sworn to before me this

\_\_\_\_ day of _____, 2019

_____

Notary Public

3